IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS KNAPP-PRASEK,<br><br>   Plaintiff,<br><br> v.<br><br>CALIFORNIA STATE AUTOMOBILE ASSOCIATION; ACCELERATED RECOVERY SERVICES, INC.; PARAGON SUBROGRATION SERVICES, INC.; DEBRA CHARONDO, and DOES 1 to 30.<br><br>   Defendants. | Case No. 11-02848 SC<br><br>ORDER GRANTING PLAINTIFF'S <u>MOTION TO REMAND</u> |

## I. INTRODUCTION

This matter comes before the Court on a Motion to Remand filed by Plaintiff Travis Knapp-Prasek ("Plaintiff"). ECF No. 19 ("Motion"). Defendant Accelerated Recovery Services, Inc. ("Accelerated") filed an Opposition, and Plaintiff submitted a Reply. ECF Nos. 21 ("Opp'n"), 25 ("Reply"). For the following reasons, Plaintiff's Motion is GRANTED.

## II. BACKGROUND

On March 30, 2011, Plaintiff filed a Complaint against California State Automobile Association ("CSAA"), Accelerated, Paragon Subrogation Services, Inc. ("Paragon"), Debra Charondo

("Charondo") and Does 1 to 30 (collectively "Defendants") in the Superior Court of California for the County of San Francisco. ECF No. 1 Ex. A ("Compl."). According to the Complaint, Plaintiff and Charondo reside in California, CSAA is a California Limited Liability Partnership doing business in California, and Accelerated and Paragon are California corporations doing business in California. Id. ¶¶ 1-5.

The Complaint asserts claims for unfair collection practices, intentional infliction of emotion distress, and fraud. Id. ¶¶ 12-57. The Complaint, which is not a model of clarity, does not state the basis for Plaintiff's claim for unfair collection practices, but Plaintiff argues that his allegations support violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 ("the Rosenthal Act"). ECF No. 19-2 ("Pl.'s Br.") at 4. On its face, the Complaint asserts no federal causes of action.

The following allegations are taken from Plaintiff's Complaint. In January 2010 a motor vehicle operated by Charondo collided with Plaintiff as he was riding his bicycle in San Francisco. Compl. ¶ 8. Plaintiff was seriously injured and Charondo's vehicle sustained damage. Id. ¶ 11. Beginning in April 2010, Defendants attempted to collect from Plaintiff for amounts supposedly required to repair Charondo's vehicle. Id. ¶ 14. No adjudication had been made regarding the cause of the collision and no judgment had been made against Plaintiff. Id. ¶¶ 15, 23. As part of their collection efforts, Defendants threatened to levy Plaintiff's bank account, garnish his wages, report a judgment to the credit bureaus, and seize Plaintiff's assets to satisfy a judgment, despite there being no judgment against Plaintiff. Id.

¶¶ 21-25. According to the Complaint, Defendants' actions constitute "unfair debt collection practices." Id. ¶ 31.

On May 16, 2011, Charondo filed a Motion to Strike and a Demurrer to the Complaint in California state court. ECF No. 19-1 Exs. A, B. On June 10, 2011, Accelerated removed the case to federal court claiming that federal jurisdiction was proper because Plaintiff's claim for unfair debt collection practices arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). ECF No. 1 ("Notice of Removal") at 1. Paragon and Charondo consented to removal.[1] Id. Exs. B, C. Plaintiff now moves to remand the case back to state court.

### III. LEGAL STANDARD

A complaint originally filed in state court may be removed to federal court within thirty days of service on the defendant. 28 U.S.C. § 1446(b). On a motion to remand, a defendant bears the burden of showing that a federal court would have jurisdiction from the outset; in other words, that removal was proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "strictly construe the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.; see also Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001)("any doubt is resolved in favor of remand"). A district court's subject matter jurisdiction is determined on the basis of

---

[1] Accelerated claims that no consent to removal was required from CSAA because, as of the date of removal, CSAA had not been served with a copy of the Complaint. Notice of Removal at 1.

the complaint at time of removal, not as subsequently amended. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

The Court's federal question jurisdiction extends to "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . in that federal law is a necessary element of one of the well-pleaded . . . claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (quotations and citations omitted). "[T]he plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV. DISCUSSION

Plaintiff argues that removal was improper because the Complaint does not state a federal claim on its face and the allegations of unfair collection practices support violations of California's Rosenthal Act.[2] Pl.'s Br. at 3-4. Accelerated

---

[2] Plaintiff also argues that Charondo waived her right to consent to removal by proceeding to defend the action in state court. Pl.'s Br. at 6. Citing the Fifth Circuit's decision in Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986), Plaintiff contends that, if a first served defendant does not timely remove, later served defendants cannot remove due to the rule of unanimity. Id. The Ninth Circuit has expressly rejected the Fifth Circuit's "first-served rule" in favor of the doctrine that "each defendant is entitled to thirty days to exercise his removal rights after being served." Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). Accordingly, Charondo's response to the Complaint in state court does not preclude Accelerated from removing the action.

counters that Plaintiff's claim for "unfair debt collection practices" arises under the FDCPA and Plaintiff cannot state a claim under the Rosenthal Act. Opp'n at 1. The Court agrees with Plaintiff.

Accelerated argues that the Complaint asserts eleven separate claims arising under the FDCPA because certain language in the Complaint is similar to the provisions of the FDCPA.[3] Opp'n at 1. For example, Accelerated notes that paragraph 31(c) of the Complaint alleges that Defendants "used unconscionable means to collect a debt" and section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means." Id. at 5. Accelerated's assertion that "the Complaint quote[s] language from the FDCPA verbatim" is an overstatement. Moreover, those same portions of the Complaint allege conduct which is also prohibited under the Rosenthal Act. The overlap is inevitable as the FDCPA and Rosenthal Act have similar provisions, compare Cal Civ. Code § 1788.10(e), with 15 U.S.C. § 1692e(4), and the California legislature incorporated portions of the FDCPA into its law. Section 1788.17 of the Rosenthal Act provides that debt collectors "shall comply with the provisions of Sections 1692b to 1692j,

---

[3] Pursuant to Federal Rule of Evidence 201, Accelerated also requests that the Court take judicial notice of what Accelerated represents to be an August 26, 2010 letter from Plaintiff's counsel, advising Accelerated that its actions constitute violations of the FDCPA. ECF No. 21-1 ("RJN"); Opp'n at 2. The Court declines to take judicial notice of the letter, as it does not constitute a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Even if the Court were to take judicial notice, the letter would have no bearing on the Court's determination of whether removal was proper. The Court's jurisdiction depends on the causes of action that are alleged in the Complaint, not the causes of action that Plaintiff's attorney may or may not have threatened to bring at an earlier date.

5

inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17. The fact that the Rosenthal Act references the FDCPA "does not automatically transform [plaintiff's Rosenthal Act] claim into a federal claim." Ortega v. HomEq Servicing, 2010 U.S. Dist. LEXIS 93221, at *15 (C.D. Cal. Jan. 25, 2010). "[A] state cannot expand federal jurisdiction by deciding to copy a federal law." Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999) (Posner, J.) (citation omitted).

Accelerated further argues that removal was proper because Plaintiff has failed to plead a violation of the Rosenthal Act. Opp'n at 6-7. Specifically, Accelerated argues that Plaintiff has not and cannot allege that Defendants were attempting to collect a consumer debt resulting from a consumer credit transaction under Cal. Civ. Code § 1788.2. Id. However, whether or not Plaintiff's state law claims ultimately fail as a matter of law is not before the Court on a motion to remand. The pertinent question is whether "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Christianson, 486 U.S. at 808. Here it does not. If Plaintiff's Rosenthal Act claims do fail as a matter of law, then Defendants may ask the state court to dismiss them on that basis.

In sum, given the similarity of the FDCPA and the Rosenthal Act, it is far from clear that Plaintiff's cause of action arises under federal law or that Plaintiff's right to relief depends on resolution of a substantial question of federal law. Because "federal jurisdiction must be rejected if there is any doubt as to the right of removal," Gaus, 980 F.2d at 566, the Court finds that

6

removal was improper and GRANTS Plaintiff's Motion.

## V. CONCLUSION

For the foregoing reasons, the Court finds this case should be remanded to the originating state court, the Superior Court of the State California for the County of San Francisco. Plaintiff Travis Knapp-Prasek's Motion to Remand is GRANTED.

IT IS SO ORDERED.

Dated: September 19, 2011

_____
UNITED STATES DISTRICT JUDGE