United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS KNAPP-PRASEK, | ) Case No. 11-02848 SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION TO REMAND |
| v. | ) |
| | ) |
| CALIFORNIA STATE AUTOMOBILE | ) |
| ASSOCIATION; ACCELERATED RECOVERY | ) |
| SERVICES, INC.; PARAGON | ) |
| SUBROGRATION SERVICES, INC.; DEBRA | ) |
| CHARONDO, and DOES 1 to 30. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

I.    **INTRODUCTION**

This matter comes before the Court on a Motion to Remand filed by Plaintiff Travis Knapp-Prasek ("Plaintiff").  ECF No. 19 ("Motion").  Defendant Accelerated Recovery Services, Inc. ("Accelerated") filed an Opposition, and Plaintiff submitted a Reply.  ECF Nos. 21 ("Opp'n"), 25 ("Reply").  For the following reasons, Plaintiff's Motion is GRANTED.

II.   **BACKGROUND**

On March 30, 2011, Plaintiff filed a Complaint against California State Automobile Association ("CSAA"), Accelerated, Paragon Subrogation Services, Inc. ("Paragon"), Debra Charondo

**United States District Court**
For the Northern District of California

1   ("Charondo") and Does 1 to 30 (collectively "Defendants") in the

2   Superior Court of California for the County of San Francisco.   ECF

3   No. 1 Ex. A ("Compl.").   According to the Complaint, Plaintiff and

4   Charondo reside in California, CSAA is a California Limited

5   Liability Partnership doing business in California, and Accelerated

6   and Paragon are California corporations doing business in

7   California.   Id. ¶¶ 1-5.

8        The Complaint asserts claims for unfair collection practices,

9   intentional infliction of emotion distress, and fraud.   Id. ¶¶ 12-

10   57.   The Complaint, which is not a model of clarity, does not state

11   the basis for Plaintiff's claim for unfair collection practices,

12   but Plaintiff argues that his allegations support violations of the

13   Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788

14   ("the Rosenthal Act").   ECF No. 19-2 ("Pl.'s Br.") at 4.   On its

15   face, the Complaint asserts no federal causes of action.

16        The following allegations are taken from Plaintiff's

17   Complaint.   In January 2010 a motor vehicle operated by Charondo

18   collided with Plaintiff as he was riding his bicycle in San

19   Francisco.   Compl. ¶ 8.   Plaintiff was seriously injured and

20   Charondo's vehicle sustained damage.   Id. ¶ 11.   Beginning in April

21   2010, Defendants attempted to collect from Plaintiff for amounts

22   supposedly required to repair Charondo's vehicle.   Id. ¶ 14.   No

23   adjudication had been made regarding the cause of the collision and

24   no judgment had been made against Plaintiff.   Id. ¶¶ 15, 23.   As

25   part of their collection efforts, Defendants threatened to levy

26   Plaintiff's bank account, garnish his wages, report a judgment to

27   the credit bureaus, and seize Plaintiff's assets to satisfy a

28   judgment, despite there being no judgment against Plaintiff.   Id.

**United States District Court**
For the Northern District of California

1   ¶¶ 21-25.  According to the Complaint, Defendants' actions

2   constitute "unfair debt collection practices."  Id. ¶ 31.

3          On May 16, 2011, Charondo filed a Motion to Strike and a

4   Demurrer to the Complaint in California state court.  ECF No. 19-1

5   Exs. A, B.  On June 10, 2011, Accelerated removed the case to

6   federal court claiming that federal jurisdiction was proper because

7   Plaintiff's claim for unfair debt collection practices arises under

8   the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

9   ("FDCPA").  ECF No. 1 ("Notice of Removal") at 1.  Paragon and

10  Charondo consented to removal.[1]  Id. Exs. B, C.  Plaintiff now

11  moves to remand the case back to state court.

12

13  **III.  LEGAL STANDARD**

14         A complaint originally filed in state court may be removed to

15  federal court within thirty days of service on the defendant.  28

16  U.S.C. § 1446(b).  On a motion to remand, a defendant bears the

17  burden of showing that a federal court would have jurisdiction from

18  the outset; in other words, that removal was proper.  Gaus v.

19  Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "strictly

20  construe the removal statute against removal jurisdiction," and

21  "federal jurisdiction must be rejected if there is any doubt as to

22  the right of removal in the first instance."  Id.; see also Plute

23  v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1007 (N.D.

24  Cal. 2001)("any doubt is resolved in favor of remand").  A district

25  court's subject matter jurisdiction is determined on the basis of

26

27  [1] Accelerated claims that no consent to removal was required from
    CSAA because, as of the date of removal, CSAA had not been served

28  with a copy of the Complaint.  Notice of Removal at 1.

the complaint at time of removal, not as subsequently amended. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

The Court's federal question jurisdiction extends to "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . in that federal law is a necessary element of one of the well-pleaded . . . claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (quotations and citations omitted).  "[T]he plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore  the federal question, assert only state claims, and defeat removal."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

**IV.  DISCUSSION**

Plaintiff argues that removal was improper because the Complaint does not state a federal claim on its face and the allegations of unfair collection practices support violations of California's Rosenthal Act.[2]  Pl.'s Br. at 3-4.  Accelerated

---

[2] Plaintiff also argues that Charondo waived her right to consent to removal by proceeding to defend the action in state court. Pl.'s Br. at 6.  Citing the Fifth Circuit's decision in Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986), Plaintiff contends that, if a first served defendant does not timely remove, later served defendants cannot remove due to the rule of unanimity.  Id.  The Ninth Circuit has expressly rejected the Fifth Circuit's "first-served rule" in favor of the doctrine that "each defendant is entitled to thirty days to exercise his removal rights after being served."  Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011). Accordingly, Charondo's response to the Complaint in state court does not preclude Accelerated from removing the action.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  counters that Plaintiff's claim for "unfair debt collection

2  practices" arises under the FDCPA and Plaintiff cannot state a

3  claim under the Rosenthal Act.  Opp'n at 1.  The Court agrees with

4  Plaintiff.

5      Accelerated argues that the Complaint asserts eleven separate

6  claims arising under the FDCPA because certain language in the

7  Complaint is similar to the provisions of the FDCPA.[3]  Opp'n at 1.

8  For example, Accelerated notes that paragraph 31(c) of the

9  Complaint alleges that Defendants "used unconscionable means to

10  collect a debt" and section 1692f of the FDCPA prohibits debt

11  collectors from using "unfair or unconscionable means."  Id. at 5.

12  Accelerated's assertion that "the Complaint quote[s] language from

13  the FDCPA verbatim" is an overstatement.  Moreover, those same

14  portions of the Complaint allege conduct which is also prohibited

15  under the Rosenthal Act.  The overlap is inevitable as the FDCPA

16  and Rosenthal Act have similar provisions, compare Cal Civ. Code §

17  1788.10(e), with 15 U.S.C. § 1692e(4), and the California

18  legislature incorporated portions of the FDCPA into its law.

19  Section 1788.17 of the Rosenthal Act provides that debt collectors

20  "shall comply with the provisions of Sections 1692b to 1692j,

21

22  [3] Pursuant to Federal Rule of Evidence 201, Accelerated also
    requests that the Court take judicial notice of what Accelerated
23  represents to be an August 26, 2010 letter from Plaintiff's
    counsel, advising Accelerated that its actions constitute
24  violations of the FDCPA.  ECF No. 21-1 ("RJN"); Opp'n at 2.  The
    Court declines to take judicial notice of the letter, as it does
25  not constitute a fact "capable of accurate and ready determination
    by resort to sources whose accuracy cannot reasonably be
26  questioned."  Fed. R. Evid. 201.  Even if the Court were to take
    judicial notice, the letter would have no bearing on the Court's
27  determination of whether removal was proper.  The Court's
    jurisdiction depends on the causes of action that are alleged in
28  the Complaint, not the causes of action that Plaintiff's attorney
    may or may not have threatened to bring at an earlier date.

**United States District Court**
For the Northern District of California

1   inclusive, of, and shall be subject to the remedies in Section

2   1692k of, Title 15 of the United States Code."  Cal. Civ. Code §

3   1788.17.   The fact that the Rosenthal Act references the FDCPA

4   "does not automatically transform [plaintiff's Rosenthal Act] claim

5   into a federal claim."  Ortega v. HomEq Servicing, 2010 U.S. Dist.

6   LEXIS 93221, at *15 (C.D. Cal. Jan. 25, 2010).   "[A] state cannot

7   expand federal jurisdiction by deciding to copy a federal law."

8   Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999) (Posner, J.)

9   (citation omitted).

10       Accelerated further argues that removal was proper because

11  Plaintiff has failed to plead a violation of the Rosenthal Act.

12  Opp'n at 6-7.   Specifically, Accelerated argues that Plaintiff has

13  not and cannot allege that Defendants were attempting to collect a

14  consumer debt resulting from a consumer credit transaction under

15  Cal. Civ. Code § 1788.2.   Id.   However, whether or not Plaintiff's

16  state law claims ultimately fail as a matter of law is not before

17  the Court on a motion to remand.   The pertinent question is whether

18  "plaintiff's right to relief necessarily depends on resolution of a

19  substantial question of federal law."   Christianson, 486 U.S. at

20  808.   Here it does not.   If Plaintiff's Rosenthal Act claims do

21  fail as a matter of law, then Defendants may ask the state court to

22  dismiss them on that basis.

23       In sum, given the similarity of the FDCPA and the Rosenthal

24  Act, it is far from clear that Plaintiff's cause of action arises

25  under federal law or that Plaintiff's right to relief depends on

26  resolution of a substantial question of federal law.   Because

27  "federal jurisdiction must be rejected if there is any doubt as to

28  the right of removal," Gaus, 980 F.2d at 566, the Court finds that

1  removal was improper and GRANTS Plaintiff's Motion.

2

3  **V.**   **CONCLUSION**

4       For the foregoing reasons, the Court finds this case should be

5  remanded to the originating state court, the Superior Court of the

6  State California for the County of San Francisco.  Plaintiff Travis

7  Knapp-Prasek's Motion to Remand is GRANTED.

8

9       IT IS SO ORDERED.

10

11      Dated: September 19, 2011

12                                  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

7